**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RENAND A MAGANA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2455-PRW** |
| | ) | |
| **WARDEN, Diamondback Correctional Facility, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Renand A Magana, a noncitizen[1] and Salvadorean national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Patrick R. Wyrick referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 5. The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. For the reasons below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. **Background**

Petitioner, a citizen of El Salvador, entered the United States in 2000. Pet. at 9-10.[2] He was granted Temporary Protected Status in or about 2010. *Id.* at 9. Petitioner was allowed to leave the United States and, upon his return on April 20, 2010, ICE inspected and paroled him into the United States until September 9, 2010.[3] *Id.*; Doc. 1-3 at 2 (Pet. Decl.); Doc. 1-4 at 2 (Visa Stamp); Doc. 1-6 at 2 (Authorization for Parole). He has no criminal history and has been continuously employed. Pet. at 9-10; *see* Doc. 1-7 (Extension of Employment Authorization Document).

On May 11, 2026, ICE officers searched for a different person. Pet. at 9-10. During their search, they encountered Petitioner as he took out the trash and took him into custody. *Id.* He has remained in ICE custody. *See id.* at 10. When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. *Id.* at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Oct. 20, 2026).

ICE presumably placed Petitioner into removal proceedings before the Immigration Court under 8 U.S.C. § 1229a through the issuance of a Notice to Appear.[4] Petitioner does not allege he requested a bond hearing. Such a request, though, would likely be futile

[2] Citations to the Petition and its included addendum use CM/ECF pagination.

[3] It is unclear whether Petitioner's parole was extended and, if so, on what basis.

[4] Neither party provides significant information about Petitioner's immigration proceeding and detention background. The undersigned presumes certain facts based on Petitioner's current detention and Respondents' acknowledgment that he is entitled to a bond hearing under *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). *See* Resp. at 1.

because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

On August 19, 2026, an IJ denied Petitioner's request for cancellation of removal and ordered him removed. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last visited Oct. 20, 2026); Pet. at 10; Doc. 1-3 at 1. On August 24, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals, and the appeal is pending. EOIR, *supra.* Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

## II. Petitioner's Claim

Petitioner asserts one count in his Petition, alleging "his continued detention requires meaningful judicial review of the legal authority supporting his custody" because it violates his rights to due process. Pet. at 11. He requests "an individual determination regarding whether continued detention is necessary." *Id.* The undersigned liberally construes Petitioner's claim to assert, in part, that his continued detention and Respondents' failure to provide him with an individualized bond hearing violate the Immigration and Nationality Act ("INA"). He asks the Court to "order an individualized custody/bond determination or release if continued detention is not legally justified." *Id.* at 12 (citation modified). Petitioner also asks for counsel to be appointed to represent him. *Id.* at 11-12.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

**IV. <u>Analysis</u>**

**A. Section 1226(a) applies to Petitioner's detention.**

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.[5] *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Respondents acknowledge this matter "is controlled by the Tenth Circuit's opinion in *Santillan Quiroz v. Mullin*," while maintaining their position "that the proper understanding of" the INA is that Petitioner's detention is under § 1225(b)(2)(A). Resp.

---

[5] Respondents do not assert any other provision of the INA controls Petitioner's detention.

at 1 & n.2. The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz*, 180 F.4th at 1235-49. In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See, e.g.*, *Morales Castellanos v. Grant*, No. CIV-25-1490-PRW, 2026 WL 2243981, at *1 (W.D. Okla. Aug. 4, 2026) (holding in accordance with *Santillan Quiroz* that a petitioner is entitled to a bond hearing under § 1226(a)).[6]

---

[6] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guardian*, --- F.4th ----, 2026 WL 2661092, at *20-21 (4th Cir. Sept. 10, 2026); *Buele Morocho v. Warden, Phila. FDC*, 189 F.4th 287, 304-05 (3d Cir. 2026); *Guerrero Orellana v. Moniz*, 188 F.4th 1, 20-21 (1st Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). The Supreme Court has granted certiorari on this issue. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert. granted sub. nom. Rhoney v. Barbosa da Cunha*, --- S. Ct. ----, 2026 WL 2942994 (Mem) (Oct. 1, 2026).

Further, Petitioner's request to cancel his removal, Pet. at. 10, does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *See Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**B. The proper remedy is a bond hearing.**

Petitioner seeks "an individualized custody/bond determination" or "release" "if continued detention is not legally justified." Pet. at 12. The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Morales Castellanos*, 2026 WL 2243981, at *1 (concluding § 1226(a) governs petitioner's detention and respondents must provide "an individualized bond hearing"). Thus, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[7]

---

[7] While Judges in this District have considered release for noncitizens whose earlier humanitarian parole under 8 U.S.C. § 1182(d)(5) was improperly revoked, the undersigned concludes here Petitioner has not sufficiently raised a claim alleging the circumstances of any parole revocation entitle him to release rather than a bond hearing. *Accord Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole). Accordingly, the undersigned does not address such a claim or recommend Petitioner's release on that basis.

### C. The Court should decline to address Petitioner's due process claim.

Petitioner also argues his continued detention without a bond hearing violates his rights to due process. Pet. at 11. If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the Court need not decide the merits of his due process claims based on continued detention. *See, e.g.*, *Madzhnunov v. Grant*, No. CIV-26-699-PRW, 2026 WL 2390750, at *1 (W.D. Okla. Aug. 17, 2026) ("The Court reserves a ruling on Petitioner's remaining claims pending resolution of the bond hearing."); *Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (declining to decide the merits of a petitioner's due process claim when adopting the recommended relief of a bond hearing under § 1226(a)). Further, the Court need not address Petitioner's request for appointment of counsel, Pet. at 11-12, if the Court grants habeas relief.

## V. <u>Recommendation and Notice of Right to Object</u>

For these reasons, the undersigned recommends that the Court **GRANT in part** the Petition, Doc. 1, for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **October 27, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **October 30, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and

legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 20th day of October, 2026.

Chris M. Stephens
______________________________
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE